UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JENNIFER CONKLIN,

    Plaintiff,

v.                                              CASE NO. 3:15cv191/MCR/EMT

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

# O R D E R

This case is before the court on consideration of the Chief Magistrate Judge's Report and Recommendation dated August 29, 2016. ECF No. 16. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The court has made a *de novo* determination of claimant's objections, ECF No. 17, and the Commissioner's response, ECF No. 18.

The claimant raises essentially one objection, although it is repeated twice. Specifically, the claimant objects to the Chief Magistrate Judge's citations to the Commissioner's brief. According to the claimant, these citations constitute impermissible *post hoc* rationalization. The court disagrees.

Review of the Report and Recommendation reveals only one instance in which the Chief Magistrate Judge made findings and arguments that were outside the considerations of the Administrative Law Judge ("ALJ"). The Chief Magistrate Judge noted that the ALJ had incorrectly attributed a Physical Capacities Evaluation form ("PCE") dated September 7, 2012 (Tr. 550–55) to Dr. Megan Clowse. ECF No. 16 at 16 n.3. The parties agreed in their briefs that it was Nurse Practitioner Michele Cerra who completed the PCE. ECF Nos. 14 at 5–6, 15 at 9 n.4. The opinions of nurse practitioners, as the Chief Magistrate Judge explained, do not constitute findings from an acceptable medical source. ECF No. 16 at 21–22; 20 C.F.R. § 404.1513. However, because the ALJ was not aware that the PCE was completed by a nurse practitioner, she did not base her conclusions on these considerations. The claimant asserts that "the Commissioner's after the rationale should not be considered substantial evidence to support the ALJ's decision." ECF No. 17 at 1.

As an initial matter, claimant conceded the point in her brief, stating "[w]e realize that a nurse practitioner is not an 'acceptable medical source' for the purpose of diagnosing a claimant with a medically determinable impairment." ECF No. 14 at 6 n.2. Even setting aside the propriety of the source and the analysis of the Chief Magistrate Judge on this point, the ALJ had valid independent reasons for giving lesser weight to the PCE. The ALJ highlighted that the opinion was "inconsistent with

treatment records which indicated that the claimant's medications improve her symptoms when she took them, and that she was able to function fairly well on medications." Tr. 24. Furthermore, the ALJ stated that the opinion is "inconsistent with the claimant's reported activities of daily living and functioning." *Id.* A treating physician's opinion can be given less than controlling weight when "evidence supported a contrary finding." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). The ALJ stated, as required, the weight given to this source and the reasons for the weight afforded. *Winschel v. Comm'n of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Therefore, even if the Chief Magistrate Judge had not considered this new facet of the PCE, the Report and Recommendation correctly concluded that the ALJ was entitled to give the opinion less weight.

The additional quotations taken from the Commissioner's brief that the claimant objects to do not reflect *post hoc* rationalizations, but rather merely provided succinct and well-supported summaries of the evidence considered by the ALJ. This is most apparent in the findings regarding step three of the disability analysis. As the Chief Magistrate Judge explained, at step three, the ALJ is not required to make a specific finding as long as the finding can be fairly implied from the record.[1] ECF

---

[1] Because the Report and Recommendation sufficiently explained the steps of the analysis and that aspect has not been challenged, the court will not repeat them here.

No. 16, at 23 (citing Davenport v. Astrue, 403 F. App'x 352, 354 (11th Cir. 2010) and Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986)).  The ALJ is not required to "'mechanically recite' the evidence or listings she has considered." Flemming v. Comm'r of Soc. Sec., 635 F. App'x 673, 676 (11th Cir. ) (quoting Hutchinson, 787 F.2d at 1463 (11th Cir. 1986)).  As such, the Chief Magistrate Judge was entitled to go beyond the ALJ's own reasoning at this step to determine whether substantial evidence supported this conclusion.  In so doing, the Chief Magistrate Judge looked to the evidence in the record as evaluated by the ALJ at various other steps of the process.  The court finds no error in citing to the Commissioner's briefs in order to assist this analysis or in concluding that the ALJ's decision is supported by substantial evidence.

In light of the forgoing, the claimant's objections are overruled, and the Report and Recommendation will be adopted.

Accordingly:

    1.    The Chief Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

  2. The decision of the Commissioner is **AFFIRMED**, this action is **DISMISSED,** and the Clerk is directed to close the file.

 **DONE AND ORDERED** this 28th day of September 2016.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**